THE ATTORNEY GENERAL
OF TEXAS



CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 6, 1971

Honorable Robert S. Calvert
Comptroller of Public Accounts
State Finance Building
Austin, Texas

Opinion No. M-829

Re: Construction of Article
12.02(1)(b)(1), Texas
Franchise Tax Act, con-
cerning inclusion of
certain sales under "gross
receipts from business done
in Texas," and effect upon
Attorney General's Opinion
WW-1503 (1962).

Dear Mr. Calvert:

In your recent opinion request you ask if Article 12.02
(1)(b)(1), Title 122A, Taxation-General, Vernon's Civil Statutes,
as amended in 1969, changes the result reached in Attorney General
Opinion No. WW-1503 (1962). In that opinion the question was
whether receipts from sales of petroleum products refined in Texas
and sold and shipped to out-of-state purchasers, with passage of
Title F.O.B. the loading points at Corpus Christi and Port Isabel,
were receipts from business done in Texas. The conclusion was
reached that such receipts were not receipts from business done in
Texas under this Article 12.02 which then read, in part, as follows:

"For the purpose of this Article, the term
'gross receipts from its business done in
Texas' shall include:

"(a) Sales of tangible personal property
located within Texas at the time of the
receipt of or appropriation to the orders where
shipment is made to points within this State,"

Article 12.02, as amended in 1969, reads in its pertinent
part as follows:

"(1) (a) Each corporation liable for payment of a franchise tax shall determine the portion of its entire taxable capital taxable by the State of Texas by multiplying same by an allocation percentage which shall be the percentage relationship which the gross receipts from its business done in Texas bear to the total gross receipts of the corporation from its entire business.

"(b) For the purpose of this Article, the term 'gross receipts from its business done in Texas' shall include:

"(i) Sales of tangible personal property when the property is delivered or shipped to a purchaser within this State, regardless of the F.O.B. point or other conditions of the sale, reduced by the deduction, if applicable, allowable under Subsection (c) of this Section (1); . . ."

Article 12.02(1)(b)(1) now provides that receipts from sales of tangible personal property are included where delivery is made to a purchaser within this state regardless of F.O.B. point. The question here is whether delivery has been made of petroleum products shipped F.O.B. loading point to purchasers outside of Texas. It is the opinion of this office that such products shipped F.O.B. shipping point do not constitute delivery to a purchaser within this state under Article 12.02(1)(b)(1), as the provision clearly contemplates that the F.O.B. point shall not control and that the point where the purchaser actually takes possession of the property shall be the place of delivery for purposes of this statute.

It should be here noted that the reasoning of Opinion No. WW-1503, supra, no longer applies to Article 12.02, since that statute as amended clearly covers both intra and interstate business to the extent therein provided. Sales of tangible personal property delivered in Texas are considered business done in Texas even though such sales are made in interstate commerce. Therefore, it is the point of actual delivery rather than the point of origin that controls the question of whether the receipts from sales of tangible personal property are considered receipts from business done in Texas.

## S U M M A R Y

Petroleum products shipped to out of state purchasers from points within this State with F.O.B. loading points within Texas, do not constitute receipts from business done in Texas under Article 12.02, Title 122A, Taxation-General, V.C.S. because under the amended statute the physical possession, which is the controlling factor, occurs outside Texas. However, sales of such tangible property delivered to Texas are considered business done in Texas even though such sales are made in interstate commerce. Therefore, the reasoning or basis of Attorney General Opinion No. WW-1503 (1962) is no longer valid or applicable although the result therein reached is not changed.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General

By _____
NOLA WHITE
First Assistant

Prepared by Wardlow Lane
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

S. J. Aronson
Ivan Williams
John Reese
James Mabry

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant